UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ENRIQUE RODRIGUEZ,**

    **Plaintiff,**

v.                                                      **Case No. 8:10-cv-602-T-TBM**

**MICHAEL J. ASTRUE,**
**Commissioner of the United States**
**Social Security Administration,**

    **Defendant.**
                                  /

## <u>O R D E R</u>

      The Plaintiff seeks judicial review of the denial of his claim for Social Security disability benefits. The Plaintiff urges that his case be reversed and remanded for further consideration of all his severe impairments and further development of vocational testimony on a complete hypothetical. For the reasons set out herein, the decision is affirmed.

A.

      Plaintiff was fifty-six (56) years of age at the time of his administrative hearing in July 2009. Plaintiff has a high school education. His past relevant work was as a battery truck driver, doorman, siding installer, and roofer. He is 5-foot, 11-inches, and weighed 220 pounds. Plaintiff alleged disability as of June 14, 2006, by reason of arthritis and pain in his back, hands and arms, and hypothyroidism. (R. 117). The Plaintiff's application was denied originally and on reconsideration.

A de novo hearing was conducted by an Administrative Law Judge (ALJ) on July 16, 2009.  Plaintiff, who was represented at the hearing, testified that he is unable to work because of pain in his back and rib area.  He claims to have arthritis and a broken rib that has not healed properly.  His pain is constant and the more he walks the more it hurts.  Plaintiff tried epidural steroid injections, but the pain came back.  He takes Oxycodone, Gabopentin, and Flexeril.  He stated the medications make him drowsy, lightheaded, constipated, and tired.  Plaintiff has carpal tunnel in his dominant right hand and has lost his grip strength.  He also has carpal tunnel in his left hand, but not as bad.  Plaintiff suffers from costochondritis, an inflammation in the muscles around his ribs, which causes him pain and makes it difficult for him to sit up.  Plaintiff testified that because of all of his health issues, he has become depressed and takes medication for that as well.

Plaintiff used to be very active.  He would play basketball and other sports, go running, and enjoyed dancing with his wife.  Now, his limited daily activities consist of watching television, reading the newspaper, and napping on and off throughout the day.  In an eight-hour work day, Plaintiff stated he would be in a reclining position seven to eight hours.  He has difficulty sleeping at night and averages four to five hours of sleep.  He usually attends church on Sundays, if he is not in too much pain.  Plaintiff has difficulty attending to his personal grooming needs that require any bending, like putting on his shoes.

Plaintiff estimated he could walk five to ten minutes, sit for two to three minutes, and lift five to ten pounds, but would be unable to stoop to pick something up from the floor.  He

normally does not assist with any household chores, unless it is something really quick. He drives infrequently and only for short durations. (R. 23-36).

Next, the ALJ heard testimony from Teresa Manning, a vocational expert (VE). The witness testified first on an assumption of an individual of Plaintiff's age, education, and work experience capable of occasionally lifting twenty pounds, frequently lifting ten pounds, able to sit, stand, and walk for six hours in an eight-hour work day, with limitations for occasional climbing ramps or stairs, balancing, stooping, kneeling, crouching, and crawling, no concentrated exposure to unprotected heights or hazardous machinery, and able to understand, remember, and carry out instructions and tasks, and to maintain attention, concentration, and pace and relate well with others. Given these limitations, the VE testified that the individual could not perform Plaintiff's past relevant work but could perform the jobs of rental car delivery driver, chauffer, and building supply sales clerk. The second hypothetical included the additional limitation of an at-will sit/stand option every thirty minutes. The VE opined the sales position would be eliminated. On a third hypothetical assuming the added need to change positions more frequently than every thirty minutes because of pain and an inability to complete tasks in a timely manner, the VE testified that there would not be any jobs available for such individual. (R. 36-43).

Also before the ALJ were medical records outlining the Plaintiff's medical history. These matters are addressed adequately by the parties' memoranda and are set forth herein as necessary.

By his decision of October 26, 2009, the ALJ determined that while Plaintiff has severe impairments related to arthritis of the hands and arms, hypertension, and hypothyroidism, he nonetheless had the residual functional capacity to perform a restricted range of light exertional work. Upon this finding and the testimony of the VE, the ALJ concluded that Plaintiff could perform jobs available to him in the local and national economy. Upon this conclusion, the Plaintiff was determined to be not disabled. (R. 8-17). The Appeals Council denied Plaintiff's request for review.

B.

Consideration of the Plaintiff's claims is governed by certain principles. In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See id.* at § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d

1397, 1400 (11th Cir. 1996). The Commissioner must apply the correct law and demonstrate that he has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. *Celebrezze v. O'Brient*, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. *Miles*, 84 F.3d at 1400; *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

In sum, the scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988).

C.

Plaintiff initially complains that the ALJ erred in not finding the osteoarthritis in his back, cervical and lumbosacral spondylosis, lumbar and sacroiliac joint and facet disease, and his carpal tunnel syndrome to be severe impairments. By his argument, the medical record fully supports that he suffers from each of these conditions yet the ALJ failed to address the significance of any of them and appears to have discounted the conditions on the word of a consulting doctor who saw Plaintiff within weeks of an epidural injection which likely masked his true performance. While the ALJ did find complaints of arthritis, back pain, hypertension, and hypothyroidism incredible, he failed to even mention the carpal tunnel condition. (Doc. 16 at 6-13).

By his second and third claims, it follows that because the ALJ failed to properly assess all of his severe impairments, he consequently failed to consider the combined effect of all of his impairments as required, and he also failed to consider the functional limitations from such conditions which should have been included in the hypotheticals posed to the VE. *Id.* at 13-15.

In response, the Commissioner urges that there was no error at step two of the evaluation process dictated by the regulations since the ALJ found Plaintiff suffered from a number of severe impairments at that step and he continued on through the succeeding steps to reach his conclusion. The Commissioner agrees with Plaintiff that the ALJ meticulously reviewed the medical evidence and thereupon gave considerable weight to the assessment of consulting examiner, Dr. Greenfield and reviewing doctors. By these records and those from

nonexamining doctors, the ALJ was justified in finding Plaintiff was not disabled. As for the carpal tunnel, while he was diagnosed with the condition, there is no evidence of any limitations arising from the condition. Furthermore, the decision reflects that the ALJ did consider the combined effects of his impairments. As for the VE's testimony, the Commissioner maintains that the hypotheticals assumed and accurately portrayed the limitations supported by the record and thus the testimony provides substantial support for the vocational decision. (Doc. 17 at 4-11).

As an initial matter, insofar as Plaintiff is understood to claim that the ALJ erred at step two of the five-step sequential evaluation process dictated by the regulations, the claim is without merit. At this step of the evaluation process, the ALJ is called upon to determine whether a claimant's impairments are severe. 20 C.F.R. §§ 404.1520, 416.920.[1] Plaintiff is correct that, in application, this inquiry is a "threshold" inquiry. It allows only claims based on the slightest abnormality to be rejected. *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984). An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience. *Id.* Thus, a "[c]laimant need show only

---

[1] Under the regulations, if the claimant does not have an impairment or combination of impairments which significantly limits his ability to do basic work activities, then he is not disabled. The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." *Bowen v. Yuckert*, 482 U.S. 137, 142 (1987) (citing 20 C.F.R. §§ 404.1521(b), 416.921(b)). Basic work activities include physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, and handling, as well as capacities for seeing, hearing, and speaking; understanding, remembering and carrying out simple instructions; responding appropriately to supervisors and fellow employees and dealing with changes in the work setting; and the use of judgment. *Id.*

that his impairment is not so slight and its effect not so minimal." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). However, case law dictates that "the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement at step two." *Jamison v. Bowen,* 814 F.2d 585, 588 (11th Cir. 1987); *see also Heatly v. Comm'r of Soc. Sec.,* No. 09-12426, 2010 WL 2331416, at *1 (11th Cir. June 11, 2010). Here, consistent with the regulations and applicable law, the ALJ credited Plaintiff with severe impairments at step two and proceeded forward with his evaluation. If there is error, it arises from the subsequent failure of the ALJ to fully account for functional limitations arising from the claimant's impairments.

Furthermore, I find it a fair and proper reading of the decision that the ALJ rejected any claim by Plaintiff that the osteoarthritis or spondylosis in his spine, and his lumbar and sacroiliac joint and facet disease, and his carpal tunnel syndrome were severe impairments within the meaning of the Act. Indeed, after a meticulous review of the medical record, the ALJ expressly addressed Plaintiff's arthritis, hypertension, hypothyroidism, and chronic back pain in light of the medical record. (R. 15). While there is no express statement that the conditions were not severe, such is clearly to be inferred from the ALJ's review of the clinical and objective record and the conclusions of the consulting examiner. *Id.* And, while the records do support Plaintiff's complaints of chronic pain, my review of the medical record reveals that the ALJ's rejection of these conditions as severe is fully supported by the objective and clinical record. Contrary to Plaintiff's contention, the ALJ considered much

more than just the consultative examiner's report and his findings of full range of motion. Significantly, Plaintiff makes no demonstration from the medical record that his spinal conditions had more than minimal impact on his ability to work and more particularly, that the conditions would prevent the limited ranged of light work allowed for by the ALJ's RFC assessment. He also fails to establish any error in the ALJ's credibility finding.[2]

As for the bilateral carpal tunnel diagnosis, it is simply incorrect to suggest that the bilateral condition was not considered by the ALJ. As the decision reflects, the ALJ found evidence of the condition in the records from both Dr. Shah and Dr. Vrionis. (R. 12). However, as the whole of the review of the medical record reflected, there were no clinical findings revealing either the severity of the condition or the limitations caused by the same on Plaintiff's capacity to work and thus little more that the ALJ could say about the condition.[3]

---

[2]While there are a number of diagnoses, as the Commissioner urges such alone does not establish a severe condition much less a disability. Here, as the ALJ noted, the objective evidence revealed only mild conditions in the spine and clinical findings were often normal. For example, while Dr. Acevedo diagnosed osteoarthritis in the back, his reports suggest numerous normal findings. *See* (R. 175-83). Dr. Shah, another treating doctor, could not explain Plaintiff's complaints of back pain given the normal MRI study and physical examinations. *See* (R. 201-22). Objective evidence generally revealed only mild conditions throughout the spine. See (R. 187, 188-89, 205, 228, 232, 272-77, 310, and 338). When steroid injections were administered, Plaintiff reported good results. (R. 250-51, 332, 326). The findings of Dr. Greenberg, a consultative examiner, went beyond mere range of motion findings to reveal almost entirely normal results. (R. 253-58). Dr. Hayes (and/or Dr. Siddiqi), who examined Plaintiff on a referral from Dr. Shah, found only mild degenerative disc disease in the lumbar spine and back pain that was much improved. (R. 305-09). While the old rib injury was painful, it is nowhere demonstrated to be limiting. The assessment by a nonexamining doctor specifically found from the records evidence of full motor and grip strength, fine manipulation within normal limits, and full range of motion in all joints. (R. 312).

[3]Dr. Vrionis suggested further discussions about a release procedure, but there is little else of record. *See* (R. 232); *see also* (R. 231). His physical exams otherwise found Plaintiff

9

Other reports from Dr. Sankoorikal and Dr. Greenfield suggested no significant limitations in the hands. *See e.g.* (R. 337, 258). Such was also the conclusion of the nonexaming doctor, Dr. Janet Gibson, D.O. (R. 212). Once again, I conclude that the clear inference from the whole of the decision is that the ALJ found the carpal tunnel condition nonsevere under the Act. Such is supported by substantial evidence and Plaintiff again fails to demonstrate limitations from the condition which would prevent his performance of the limited ranged of light work allowed for by the ALJ's RFC assessment.

On his second claim, Plaintiff urges that because the ALJ failed to conclude his osteoarthritis of the back and the lumbosacral spondylosis, and lumbar and sacroiliac joint and facet disease, and carpal tunnel were not severe conditions, it follows that he failed to consider the combined effects of these impairments on Plaintiff's functional capacity. For the reasons set forth above, I find no error.

The Act and pertinent case law require that the ALJ consider each impairment, as well as the combined effect of all a claimant's impairments. 42 U.S.C. § 423(d)(2)(B); *Gibson v. Heckler*, 779 F.2d 619, 623 (11th Cir. 1986). In *Bowen v. Heckler*, 748 F.2d 629 (11th Cir. 1984), the court held that where a claimant has alleged a multitude of impairments, a claim for benefits may lie even though none of the impairments, when considered individually, is disabling. In such instances, the ALJ must make specific and well-articulated findings as to the effect of the combination of impairments and whether the combined

---

neurologically intact. *See* (R. 232, 236).

10

impairments cause the claimant to be disabled. *Id.* at 635; *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987).

As discussed above, each of these conditions was considered by the ALJ in fashioning the RFC for a restricted range of light work. The decision reflects that the ALJ understood the obligation to consider the impairments individually and in combination, and to include in his consideration of the claimant's RFC even non-severe impairments. (R. 9). As noted by the Commissioner, the ALJ expressly indicated that he considered the Plaintiff's impairments singly and in combination. (R. 10). In this Circuit, such statements by the ALJ evidences his consideration of the combined effects of the claimant's impairments. *See Jones v. Dep't of Health & Human Svcs.*, 941 F.2d 1529, 1533 (11th Cir. 1991) (citing *Wheeler v. Heckler,* 784 F.2d 1073, 1076 (11th Cir. 1986)). Thus, Plaintiff is not entitled to relief on this claim.

Finally, Plaintiff complains that because he failed to consider these same conditions severe, the ALJ failed to take into consideration (unspecified) limitations on Plaintiff's functional capacity and employ the same in his questioning of the VE. As a consequence, the VE's testimony does not provide support for the ALJ's conclusions. Here, I conclude that Plaintiff simply fails to demonstrate that the hypothetical questions propounded by the ALJ failed to assume all limitations revealed by the medical record. Even if one or more of these conditions were severe in contemplation of the Act, Plaintiff identifies no limitation or restriction from the same supported by the medical record which was not considered. Neither does he demonstrate that the limitations actually employed with the VE were unsupported or

contrary to that record.[4]  It does not automatically follow that the failure of the ALJ to identify one (or more) of these conditions as severe results in an inadequate inquiry of the VE. Because Plaintiff has not shown from the medical evidence that his RFC was below that determined by the ALJ and that the RFC as determined does not fairly assess his limitations, I conclude that the questioning of the VE was consistent with the applicable standard and supports the ALJ's decision.

D.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is in accordance with the correct legal standards and is otherwise supported by substantial evidence.  The decision is affirmed.  Accordingly, the Clerk is directed to enter Judgment in favor of the Defendant and to close the file.

**Done and Ordered** at Tampa, Florida, this 7th day of February 2011.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record

---

[4]It is worth noting that Plaintiff's counsel did not propound a single question to the VE when given the opportunity to do so.  (R. 43).